```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

ANDREW CONNOR
TIDWELL,

    Plaintiff,

v.                              Case No. 8:22-cv-2324-VMC-AAS

KENDALL GENTRY,

    Defendant.
_____/

**ORDER**

    This matter is before the Court on consideration of Plaintiff Andrew Connor Tidwell's Motion to Remand, filed on October 24, 2022. (Doc. # 6). Defendant Kendall Gentry responded on November 4, 2022. (Doc. # 9). For the reasons that follow, the Court grants the Motion to Remand and remands the case.

**I.    Background**

    Mr. Tidwell initiated this case in state court on May 23, 2022. (Doc. # 1-1). This case arises from injuries sustained by Mr. Tidwell when he and Mr. Gentry were involved in a car accident in February 2022. (Id.). The Complaint did not allege a specific amount of damages, instead alleging

1

that "this is an action for damages that exceeds the sum of [$30,000]." (Id. at ¶ 1).

Mr. Gentry removed this case to this Court on October 10, 2022, on the basis of diversity jurisdiction. (Doc. # 1). As part of the documents attached to his Notice of Removal, Mr. Gentry attached a copy of Mr. Tidwell's medical bills, which totaled $246,729.15. (Doc. # 1-5).

On March 15, 2022, Mr. Tidwell made a demand to Mr. Gentry for settlement in the amount of $250,000 to pay for injuries sustained in the accident. (Doc. # 6 at ¶ 2). On May 6, 2022, Safeco, Mr. Gentry's insurance carrier, tendered their underlying bodily injury limits of $250,000 towards Mr. Tidwell's demand. (Id. at ¶ 5; Doc. # 6-1).

On October 24, 2022, Mr. Tidwell filed a Motion to Remand. (Doc. # 6). Mr. Gentry has responded. (Doc. # 9). The Motion is now ripe for review.

## II. Legal Standard

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that

jurisdiction does not exist arises." <u>Fitzgerald v. Seaboard Sys. R.R., Inc.</u>, 760 F.2d 1249, 1251 (11th Cir. 1985).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires that the action is between "citizens of different States" and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1208 (11th Cir. 2007).

### III. **Analysis**

Mr. Tidwell argues that this case must be remanded to state court because Mr. Gentry has not met his burden of showing that the amount in controversy is at least $75,000. The Court agrees.

Mr. Tidwell argues that his past medical expenses have been "satisfied by the tender of [Mr. Gentry's] underlying insurance carrier's policy limits." (Doc. # 6 at 5). According

to Mr. Tidwell, because of Safeco's tender of $250,000, his past medical expenses no longer satisfy the amount in controversy requirement and thus removal is improper.

"[T]he weight of authority [within this Circuit] considers pre-removal payments when determining the amount in controversy for jurisdictional purposes." Walsh v. Target Corp., No. 6:20-cv-1185-RBD-EJK, 2020 WL 5634125, at *4 (M.D. Fla. Aug. 27, 2020), report and recommendation adopted, No. 6:20-cv-1185-RBD-EJK, 2020 WL 5628903 (M.D. Fla. Sept. 21, 2020) (considering pre-removal payment from plaintiff's insurer when calculating the amount in controversy because Florida Statute § 768.76 limited plaintiff's damages); see also Jackson v. St. Jude Med. Neuromodulation Div., 62 F. Supp. 3d 1343, 1347 (M.D. Fla. 2014) (taking into account payments made prior to removal for plaintiff's medical care in determining amount in controversy and finding that, where only $10,000 remained to be paid, remand was appropriate); Armbrister v. Cumberland Farms, Inc., No. 2:17-cv-14062, 2017 WL 7794284, at *2 (S.D. Fla. July 24, 2017) (similar).

Here, Safeco's tender of $250,000 constitutes an offset against the medical bills Mr. Gentry asserts form the basis of the amount in controversy. (Doc. # 6-1). Safeco tendered this amount on May 6, 2022, several months prior to Mr.

4

Gentry's removal of this action to state court. (Id. at 1). Thus, at the time of removal, Mr. Tidwell's actual damages were far less than the $246,729.15 incurred in medical bills, because the Safeco tender served to offset that amount. The Court therefore agrees with Mr. Tidwell that the past medical expenses cannot establish the amount in controversy to support removal.

In short, Mr. Gentry has not carried his burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Andrew Connor Tidwell's Motion to Remand (Doc. # 6) is **GRANTED.**

(2) The Clerk is directed to **REMAND** this case to state court. After remand, the Clerk shall terminate all other pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of November, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE